UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jonathan Small,<br><br>                              Plaintiff,<br>     -v-<br><br>40-50 Brighton First Road Apartments Corp.,<br><br>                              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Jonathan Small ("Plaintiff" or "Small"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant 40-50 Brighton First Road Apartments Corp. ("40-50 Brighton" or "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest,

1

and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that he was terminated and discharged in discrimination and retaliation by Defendant because, in good faith, he complained of and opposed Defendant's failure to pay his required overtime wages. Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL § 215 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York (SDNY) pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Jonathan Small ("Plaintiff" or "Small") is an adult, over eighteen years old, who currently resides in New York County in the State of New York.

9. Upon information and belief, and at all times relevant herein, Defendant 40-50 Brighton First Road Apartments Corp. ("40-50 Brighton" or "Defendant"), was a New York corporation with a principal place of business located at 430 16th Street Brooklyn, NY 11215.

## STATEMENT OF FACTS

10. Upon information and belief, and at all relevant times herein, Defendant was engaged in the business of real estate and building management and ownership within the New York tri-state area.

11. Upon information and belief, and at all relevant times herein, Defendant employed approximately over 20 employees.

12. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant from in or about September 2021 to on or about November 5, 2021.

13. At all times relevant herein, Plaintiff was employed by Defendant as a porter/handyman performing all the manual, physical and repetitive tasks within this capacity such as cleaning, repairs, etc.

14. At all times relevant herein, Plaintiff was an hourly employee of Defendant and his last regular hourly rate of pay was about $28.96 an hour.

15. At all times relevant herein, Plaintiff worked about 62-66 or more hours or more each week for Defendant, 5-6 days a week.

16. At all times relevant herein, Defendant paid Plaintiff at his correct overtime rate for about 8 overtime hours each week and Plaintiff was not paid *any* wages for his remaining overtime hours (hours over 40 in a week) each week – Defendant did not pay Plaintiff at 1.5 times his regular hourly rate for about 14-18 overtime hours (hours over 40 in a week) worked each week during his employment with Defendant – Defendant had a policy and practice of paying for only 8 hours each day even where the work it required Plaintiff to perform required more than 8 hours of time each day

17. A more precise statement of the hours and wages will be made when Plaintiff Small obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

18. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

19. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not reflect all rates of pay including Plaintiff's overtime rates of pay, nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

20. On or about November 1, 2021 and several times prior, Plaintiff complained in good faith to Defendant about working overtime hours each week and not being paid for these overtime hours worked. In response to Plaintiff's complaints, Defendant terminated Plaintiff's employment with it on or about November 5, 2022.

21. Plaintiff was terminated/discharged by Defendant in retaliation/discrimination for opposing and complaining in good faith about the Defendant's failure to pay all his wages including his overtime wages.

22. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

23. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

24. At all times applicable herein, Defendant conducted business outside the State of New York involving the purchase of essential materials and supplies.

25. At all times applicable herein, Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

26. At all times applicable herein, Defendant as a regular part of their business, engaged in credit card transactions, involving banks and other institutions outside the state of New York.

27. At all times applicable herein, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

28. At all times applicable herein, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet, electronic mail and telephone systems.

29. All times applicable or relevant herein as to the FLSA overtime claims refers to the period of Plaintiff's employment with Defendant.

30. All times applicable or relevant herein as to the NYLL overtime claims refers to the period of Plaintiff's employment with Defendant.

31. At all times relevant herein, and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

32. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by 29 CFR 516 and 12 NYCRR 142-2.8.

33. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

34. "Plaintiff" as used in this complaint refers to the named Plaintiff.

35. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC § 201 et Seq.

38. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

39. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

40. At all times relevant herein, Defendant failed and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### Relief Demanded

41. Due to Defendant's FLSA overtime violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2, 141-1.4 etc. (Unpaid Overtime)

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142, 141.

44. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay and 1.5 times the applicable NYS Minimum wage rate for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2,

141-1.4.

## Relief Demanded

45.  Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

46. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 45 above with the same force and effect as if fully set forth at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

48. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his wages including his overtime wages, (FLSA and NYMWA), and wage deductions, within the time required under NY Labor Law § 190 et seq.

49. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

50. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

### Relief Demanded

51. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his overtime wages, (FLSA and NYMWA), wage deductions – including vehicle related expenses, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### AS AND FOR A FOURTH CAUSE OF ACTION – FLSA RETALIATION/DISCRIMINATION - 29 U.S.C § 215

56. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 55 above as if set forth fully and at length herein.

57. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA including 29 USC § 207 and 29 USC § 215.

58. At all times relevant herein, Defendant was a covered person or entity within the meaning of 29 USC § 215.

59. Defendant discharged/terminated Plaintiff's employment with them in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendant's failure to pay Plaintiff wages owed to him under the FLSA as further set forth above.

### Relief Demanded

60. Defendants' FLSA violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to and seeks to recover from Defendant all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

## AS AND FOR A FIFTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION - NYLL § 215

61. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 60 above as if set forth fully and at length herein.

62. At all times relevant herein, Plaintiff was employed by Defendant within the meaning of the New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

63. At all times relevant herein, Defendant was a covered person or entity within the meaning of New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

64. Defendant discharged/terminated Plaintiff's employment with them in retaliation and discrimination and in violation of the NYLL § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendant's failure to pay Plaintiff wages owed to him under the NYLL as further set forth above.

65. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

## Relief Demanded

66. Defendant's New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

67. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

68. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

69. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 141, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

70. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid overtime wages, (FLSA and NYMWA), wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

71. As to the **Fourth Cause of Action**, award Plaintiff all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement/front pay, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

72. As to his **Fifth Cause of Action**, award Plaintiff all damages available under NYLL § 215, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215;

73. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

74. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
January 27, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com